# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **BROOKE CLARK,** | : |
| 105 Blackburn Ave. | : |
| Ashland, KY 41101 | : Case No. 1:20-cv-757 |
| | : |
| and | : JUDGE |
| | : |
| **LARRY HOLDER,** | : MAGISTRATE JUDGE |
| 31 Private Dr. 2210 | : |
| South Point, OH 45680 | : **Jury Demand Endorsed Hereon** |
| | : |
| and | : |
| | : |
| **CALVIN MARCUM,** | : |
| 31 Private Dr. 2210 | : |
| South Point, OH 45680 | : |
| | : |
| and | : |
| | : |
| **JESSICA VANWINKLE,** | : |
| 104 Solida Rd. | : |
| South Point, OH 45680 | : |
| | : |
| **Plaintiffs, for themselves** | : |
| **and all others similarly situated,** | : |
| | : |
| vs. | : |
| | : |
| **A&L HOME CARE AND TRAINING** | : |
| **CENTER, LLC,** | : |
| c/o Registered Agent James J. Irby | : |
| 533 Private Dr. 1003 | : |
| Chesapeake, OH 45609 | : |
| | : |
| and | : |
| | : |
| **NILA IRBY** | : |
| 6129 County Road 107 | : |
| Proctorville, OH 45669 | : |
| | : |
| and | : |
| | : |

| | |
|---|---|
| **DAWNETTA ABBETT** | : |
| 6129 County Road 107 | : |
| Proctorville, OH 45669 | : |
| | : |
| and | : |
| | : |
| **RUTHIE LUCAS** | : |
| 6129 County Road 107 | : |
| Proctorville, OH 45669 | : |
| | : |
| **Defendants.** | : |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Plaintiffs Brooke Clark, Larry Holder, Calvin Marcum, and Jessica Vanwinkle (referred to collectively herein as "Named Plaintiffs"), on behalf of themselves and others similarly situated, and proffer this Complaint for damages against Defendants A&L Home Care and Training Center, LLC, Nila Irby, Dawnetta Abbett, and Ruthie Lucas ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Named Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Named Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants are doing and have done substantial business in the Western Division of the Southern District of Ohio and Named Plaintiffs performed their job duties in the Western Division of the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Brooke Clark is an individual, a United States citizen, and a resident of Ashland, Kentucky.

6. Plaintiff Larry Holder is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

7. Plaintiff Calvin Marcum is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

8. Plaintiff Jessica Vanwinkle is an individual, a United States citizen, and a resident of Lawrence County, Ohio.

9. Defendant A&L Home Care and Training Center, LLC is an Ohio limited liability company registered to do business in Ohio and conducting business in the Western Division of the Southern District of Ohio.

10. Upon information and belief, Defendant Nila Irby is a resident of the state of Ohio and is a member/owner of Defendant A&L Home Care and Training Center, LLC.

11. Upon information and belief, Defendant Dawnetta Abbett is a resident of the state of Ohio and is a member/owner of Defendant A&L Home Care and Training Center, LLC.

12. Upon information and belief, Defendant Ruthie Lucas is a resident of the state of Ohio and is a member/owner of Defendant A&L Home Care and Training Center, LLC.

13. At all times relevant herein, Named Plaintiffs were employees of Defendants as defined by the FLSA and R.C. Chapter 4111.

14. At all times relevant herein, Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and R.C. Chapter 4111.

15. At all times relevant herein, Defendants have mutually benefitted from the work performed by Plaintiffs.

16. At all times relevant herein, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs.

17. At all times relevant herein, Defendants have shared the services of Plaintiffs.

18. At all times relevant herein, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs.

19. At all times relevant herein, Defendants have been jointly engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.00.

20. Upon information and belief, Defendants were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

21. Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and each Named Plaintiff has given written consent to bring this action to collect unpaid compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

**Defendants' Pay Policies & Practices**

22. Defendant A&L Home Care and Training Center, LLC is in the business of providing home healthcare services to clients in Lawrence County, Gallia County, and Scioto County, Ohio.

23. Defendants' principal business office is located in Proctorville, Ohio in Lawrence County.

24. Upon information and belief, Defendant A&L Home Care and Training Center, LLC is owned and operated, in whole or in part, by Defendants Irby, Abbett, and Lucas.

25. Upon information and belief, Defendants Irby, Abbett, and Lucas determine the pay policies and practices for their employees as set forth herein.

26. Upon information and belief, Defendants employ approximately 400 home health aides at any given time. These employees, which include but are not limited to, non-licensed care givers, Licensed Practical Nurses, and Registered Nurses, among others, are responsible for providing home health care to Defendants' clients.

27. Defendants pay their home health aides on an hourly basis (hereinafter referred to as "Hourly Employees").

28. Defendants' Hourly Employees are not exempt from the overtime mandates of the Fair Labor Standards Act or Ohio law.

29. Hourly Employees regularly work more than 40 hours in a single workweek.

30. At all times relevant herein, Defendants do not compensate their Hourly Employees at the correct premium overtime rate of one and one-half times their regular rate(s) of pay for all hours worked in excess of 40 in a workweek.

31. Hourly Employees receive a shift differential hourly premium for certain hours worked in the late evening and early morning. Defendants regularly fail to include Hourly Employees' shift differential rates in the calculation of the overtime premium rate for hours worked in excess of 40 per workweek.

32. Hourly Employees are often required to travel between clients' homes during a single shift in a workday.

33. Prior to approximately January 2020, Defendants did not compensate its Hourly Employees for all time spent driving between clients' homes. Instead, Hourly Employees only received a mileage reimbursement at a rate of approximately $0.25 per mile during this travel time.

34. Upon information and belief, in or around mid-August 2020, Defendants required its Hourly Employees to sign an unenforceable document, agreeing to waive their rights to pursue or participate in a lawsuit for unpaid wages as a condition of continued employment with Defendants.

35. Defendants have refused and continue to refuse to pay their Hourly Employees in accordance with the law.

**Named Plaintiffs' Employment Experiences**

36. Named Plaintiff Larry Holder was employed by Defendants as a home health aide between approximately October 2013 and February 2019.

37. Plaintiff Calvin Marcum was employed by Defendants as a home health aide between approximately 2012 and February 2019.

38. Plaintiff Jessica Vanwinkle was employed by Defendants as a home health aide between approximately 2015 and November 2018.

39. At all times, Plaintiffs Holder, Marcum, and Vanwinkle were paid on an hourly basis.

40. At all times, Plaintiffs Holder, Marcum, and Vanwinkle regularly worked more than 40 hours in a single workweek.

41. At all times, Plaintiffs Holder, Marcum, and Vanwinkle regularly subject to the pay policies and procedures described herein.

42. At all times relevant herein, Defendants failed to compensate Plaintiffs Holder, Marcum, and Vanwinkle for all overtime hours worked at the proper rate of one and one-half times their respective regular rates of pay for all hours worked in excess of 40 per workweek.

**Plaintiff Brooke Clark's Employment Experience**

43. Named Plaintiff Brooke Clark first began her employment with Defendants on or around January 9, 2017 in the position of Supervisor of Scheduling.

44. In or around March 2019, Plaintiff Clark began performing work as a home health aide for Defendants' clients in addition to her duties as the Supervisor of Scheduling.

45. At all times, Plaintiff Clark was paid on an hourly basis.

46. Plaintiff Clark regularly worked more than 40 hours per week during her employment with Defendants.

47. Plaintiff Clark was subject to the same pay policies and procedures described herein.

48. Moreover, Defendants compensated Plaintiff at an hourly rate of $11.50 per hour for her duties as Supervisor of Scheduling, and compensated Plaintiff at a rate of $10.00 per hour for her work as a home health aide.

49. However, Defendants frequently improperly included only her home health aid rate of pay in the calculation of the overtime premium rate owed to her during weeks in which she performed both roles and received two separate rates of pay.

50. Additionally, Plaintiff Clark was required to be "on call" from time to time. The time Plaintiff Clark spent performing on-call work varied, as did the compensation she received

7

for this task. However, the compensation Plaintiff Clark received for performing on-call work was not included in the calculation of the overtime premium rate owed to her.

51. Plaintiff Clark's employment with Defendants ended on or about July 10, 2020.

52. In or around mid-August 2020, Plaintiff Clark requested complete copies of her paystubs from Defendants. Defendants required Plaintiff to pay for copies of the paystubs she requested.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime (For All Plaintiffs Against All Defendants)

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. Named Plaintiffs brings their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former hourly paid employees of Defendants who, during the previous three (3) years, did not receive overtime payment at the proper rate of one and one-half times their regular rates of pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "FLSA Class").

55. Named Plaintiffs and the FLSA Class Members were subject to the same payroll practices of improperly calculating overtime premiums and failing to pay employees at a rate of one and one-half times their respective regular rates of pay for all hours worked in excess of 40 during a workweek.

56. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Named Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

57. These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

58. In addition to the Named Plaintiffs, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendants' company-wide failure to properly calculate and pay overtime premiums for all hours worked.

59. Named Plaintiffs and the SSPs were paid on an hourly basis.

60. Named Plaintiffs and the SSPs were non-exempt employees.

61. Named Plaintiffs and the SSPs frequently worked more than 40 hours per week.

62. Named Plaintiffs and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

63. Defendants were aware that Plaintiffs and the SSPs regularly worked more than 40 hours per workweek, but were not receiving the correct overtime premium for all hours worked in excess of 40 per workweek.

64. In fact, Defendants required its Hourly Employees to sign an unenforceable document, agreeing to waive their rights to pursue or participate in a lawsuit for unpaid wages as a condition of continued employment.

65. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether they were required to pay Plaintiffs and the SSPs at the correct overtime premium rate for all hours worked in a workweek in excess of 40.

66. Accordingly, Named Plaintiffs and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiffs and the SSPs have been damaged.

## COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime (For All Plaintiffs Against All Defendants)

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. Named Plaintiffs bring this Ohio Minimum Fair Wage Standards Act ("OMFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following "Class":

> All current and former hourly paid employees of Defendants who, during the previous two (2) years, did not receive overtime payment at the proper rate of one and one-half times their regular rates of pay for all hours worked in a workweek in excess of 40 (the "Rule 23 Class").

69. Named Plaintiffs and the other Rule 23 Class members were not paid an overtime premium for all hours worked in a workweek in excess of 40.

70. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. The Rule 23 Class consists of approximately 400 current and former hourly employees who have not been paid the correct overtime premium for all hours worked in a workweek in excess of 40.

71. Named Plaintiffs are members of the Rule 23 Class and their claim for unpaid overtime wages is typical of the claims of other members of the Class.

72. Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

73. Named Plaintiffs have no interest antagonistic to or in conflict with interests of the Class that they are undertaking to represent.

74. Named Plaintiffs have retained competent and experienced class action counsel whom can ably represent the interests of the Rule 23 Class.

75. Questions of law and fact are common to the class, including:

   a. Whether Defendants violated the OMFWSA by failing to compensate, at the correct overtime premium rate, hourly employees for all hours worked in a workweek in excess of 40.

   b. Whether Defendants established its payroll policies, knowing the policies violated the law and failed to properly compensate hourly employees for all hours worked in a workweek in excess of 40 at an overtime premium rate;

   c. Whether Defendants' violations were knowing and willful;

   d. What amount of unpaid overtime compensation is owed to Named Plaintiffs and the other members of the Rule 23 Class as a result of Defendants' violation of the OMFWSA; and

   e. What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

76. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its unpaid employees.

77. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

78. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

79. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and their counsel are not aware of any pending litigation on behalf of any member of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their unpaid employees. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

80. For Defendants' violation of O.R.C. 4111, Named Plaintiffs are entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, attorneys' fees and costs, and all other remedies available under Ohio law.

## COUNT III
### FLSA, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime
### (For Plaintiff Clark Only – Against All Defendants)

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. Plaintiff Clark was an employee of Defendants' within the previous three years of the filing of this Complaint.

83. Plaintiff was not exempt from the overtime provisions of the FLSA.

84. Defendants failed to compensate Plaintiff at the proper rate of one and one-half times her regular rate of pay for all hours worked by failing to account for her time worked in two different roles with two different pay rates, as well as her compensation in the "on call" position.

85. Defendants were aware that Plaintiff worked more than 40 hours per workweek but did not receive overtime compensation at the proper rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per workweek.

86. Defendants knew or should have known of the overtime payment requirement of the FLSA.

87. Defendants' refusal to properly compensate Plaintiff as required by the FLSA was willful.

88. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

## COUNT IV
**OMFWSA R.C. 4111, *et seq*. – Failure to Pay Overtime**
**(For Plaintiff Clark Only – Against All Defendants)**

89. All of the preceding paragraphs are realleged as if fully rewritten herein.

90. Defendants violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111.03 by failing to compensate Plaintiff Clark at the proper rate of one and one-half her regular rate of pay for all hours worked in excess of 40 in each workweek.

91. Defendants were aware that Plaintiff worked more than 40 hours per workweek but did not receive overtime compensation at the proper rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per workweek.

92. Defendants knew or should have known of the overtime payment requirement of the Ohio Revised Code..

93. Defendants' knowing failure to pay Plaintiff overtime wages at the proper rate for hours worked in excess of 40 per workweek is a violation of Section 4111.03 of the Ohio Revised Code.

94. For Defendant's violations of R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, an additional two times the amount of the unpaid wages, attorneys' fees and costs, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs are entitled to and pray for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Named Plaintiffs and their counsel to represent the FLSA Class; enter an order directing Defendants to pay into a common fund for the benefit of Named Plaintiffs and all other members of the FLSA Class the total amount of damages to which Named Plaintiffs and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $75,000.

B. As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Named Plaintiffs as the Rule 23 Class Representatives, enter an order directing Defendant to pay into a common fund for the benefit of Named Plaintiffs and all other members of the Rule 23 Class the total amount of damages to which Named Plaintiffs and the Rule 23

Class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for Defendant to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. As to <u>Count III and IV</u>, a declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA; an injunction against Defendants preventing them from engaging in each of the unlawful practices, policies, and patters set forth herein; an award of unpaid wages due under the FLSA and OMFWSA; an award of liquidated damages and/or treble damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C., Chapter 4111; an award of prejudgment and post judgment interest; an award of costs and expenses of this action together with reasonable attorneys' fees and expert fees.

D. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Rhiannon M. Herbert (0098737)
(Rhiannon@MansellLawLLC.com
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiffs hereby requests a jury of at least eight (8) person

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)